## Richmond

CHARLES B. FAIR, JR., TRADING AS POWERLINE SHELL SERVICE v. HAMERSMITH DISTRIBUTING COMPANY, WILLIAM FRENCH AND HOWARD ADJUSTMENT COMPANY, INC.

March 4, 1974.

Record No. 730182.

Present, All the Justices.

*James B. Robeson*, for plaintiff in error.

*Thomas J. Scanlon; C. Hobson Goddin* (*John R. Sandin; Wicker, Goddin & Duling*, on brief), for defendants in error.

Per Curiam.

Charles B. Fair, Jr., trading as Powerline Shell Service (plaintiff), brought an action against Hamersmith Distributing Company (Hamersmith), William French and Howard Adjustment Company, Inc. to recover a judgment for services performed under alleged oral contracts to remove wreckage and debris from an accident site on Interstate Highway 95 in Prince William County. A non-jury trial was had, and after plaintiff introduced his evidence, the trial court

struck plaintiff's evidence as to defendant Hamersmith and entered summary judgment in its favor. Defendants French and Howard Adjustment Company introduced their evidence, and at the conclusion of all the evidence the trial court entered judgment in favor of these defendants.

Plaintiff assigns as error the action of the trial court (1) in sustaining Hamersmith's motion to strike plaintiff's evidence as to it and (2) in entering judgment in favor of French and Howard Adjustment Company.

Plaintiff's evidence showed that on April 23, 1970, Trooper C. E. Seymour investigated a fatal accident on Interstate Highway 95 in Prince William County involving a loaded tractor-trailer leased and operated by Hamersmith. On that day the tractor-trailer had collided with a bridge abutment, and the vehicle was a total loss. Debris was spread over the highway, and what remained of the tractor-trailer landed over an embankment in a ravine on the right-of-way. At the request of Seymour, plaintiff and his employees removed the debris from the traveled portion of the highway on the night of the accident.

The written statement of facts approved by the trial court reads in part:

> "Trooper Seymour stated [that] on April 24, 1970, after he had determined the company which was operating this vehicle, he called the head office of Hamersmith Distributing Company in Florida and spoke with a man who identified himself as Joe Hamersmith, the president and owner of Hamersmith Distributing Company. He stated that he described to Mr. Hamersmith the fatality and destruction caused by his company's truck. He further related to Mr. Hamersmith that the debris from this accident had spilled over the side of the highway into the ravine, and that the Virginia State Highway Department wanted the debris removed from its right-of-way which included the ravine. *Trooper Seymour stated that Mr. Hamersmith told him to go ahead and have someone remove the wreckage from the right-of-way.*" (Italics supplied.)

Seymour further testified that on April 24 defendant William French inspected the wreckage of the tractor-trailer in the ravine on the right-of-way; that French identified himself as an employee and adjuster for defendant Howard Adjustment Company; that he

heard French authorize plaintiff to clear the remaining wreckage from the right-of-way; and that subsequently the work was completed by plaintiff.

Charles B. Fair, Jr., plaintiff, testified that he removed the debris from the highway on the night of the accident at the request of Trooper Seymour, and that the next day, April 24, French told him at the scene of the accident in the presence of Seymour "to go ahead and clear the remainder of the wreckage from the right-of-way and that he would discuss price with him later." He stated that he thereafter removed the wreckage from the right-of-way and sent a bill to French, but it was not paid.

Plaintiff introduced in evidence an itemized bill charged to Hamersmith in the sum of $3,557[1] for services rendered, and plaintiff explained it in detail. Matt Blewitt, who was in the wreck removal business, testified that the rates charged by plaintiff were reasonable.

At the conclusion of plaintiff's evidence, the trial court granted defendant Hamersmith's motion to strike plaintiff's evidence as to it and entered summary judgment for Hamersmith.

However, when plaintiff's evidence is viewed most favorably to him, as he is entitled to have it viewed, we find that it was sufficient to make out a prima facie case for a recovery against Hamersmith. *Sykes* v. *Langley Cabs, Inc.,* 211 Va. 202, 207, 176 S.E.2d 417, 421 (1970). The president and owner of defendant Hamersmith, according to uncontradicted testimony, told Trooper Seymour "to go ahead and have someone remove the wreckage from the right-of-way." By so doing, Hamersmith authorized Seymour to act as its agent to select someone to do the work, and it assumed responsibility for payment of reasonable costs incident thereto. We hold, therefore, that the trial court erred in striking plaintiff's evidence as to Hamersmith.

After Hamersmith was dismissed from the case, defendants French and Howard Adjustment Company submitted evidence in their behalf.

William French testified that he was sent to the accident scene in the course of his employment with Howard Adjustment Com-

---

1. Hamersmith states in its brief that by oral stipulation entered into just prior to the commencement of trial, it agreed to pay and subsequently paid $400 to plaintiff for his services in removing the debris from the traveled portion of the highway. In oral argument, plaintiff conceded this settlement. If a judgment is awarded plaintiff in a new trial, Hamersmith should be given credit for any amount paid on account of plaintiff's claim.

pany; that he was representing Home Indemnity Company; that he thought Home Indemnity had insurance coverage on the entire wreckage involved; and that he later determined that the insurance company had coverage on the cargo only. French admitted having a discussion with plaintiff and Seymour at the scene, but he stated that "he did not give any type of authorization for removal of any wreckage from the right-of-way."

The trial court rendered judgment for defendants French and Howard Adjustment Company on conflicting evidence. Plaintiff's evidence was that French authorized him to remove the wreckage from the right-of-way, whereas evidence on behalf of French and Howard Adjustment Company was that French did not authorize plaintiff to remove the wreckage.

Plaintiff argues that the trial court's finding was erroneous because the preponderance of the evidence was in his favor. He points out that Trooper Seymour was a disinterested witness and that Seymour corroborated his testimony that French authorized him to remove the wreckage from the right-of-way.

However, according to familiar principles, this court cannot disturb the factual finding made by a trier of fact on conflicting evidence. *Spence* v. *Spence*, 212 Va. 431, 435, 184 S.E.2d 763, 765 (1971). The testimony of French was not incredible. We hold, therefore, that the trial court did not err in entering judgment for defendants French and Howard Adjustment Company.

The judgment of the trial court will be affirmed as to French and Howard Adjustment Company. The judgment will be reversed as to Hamersmith Distributing Company and the case remanded.

*Affirmed in part, reversed in part, and remanded.*